**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **OIL STATES ENERGY SERVICES,** | § | |
| **L.L.C., f/k/a STINGER WELLHEAD** | § | |
| **PROTECTION, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **JK RED DIRT RENTALS, INC.,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

**PLAINTIFF'S COMPLAINT AND**
**REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTION**

Plaintiff Oil States Energy Services, LLC ("OSES"), formerly known as Stinger Wellhead Protection, Inc. ("Stinger"), by and through its undersigned attorneys, files this Complaint against JK Red Dirt Rentals, Inc. ("Red Dirt"), and alleges as follows:

**PARTIES**

1.      Plaintiff Oil States Energy Services, LLC is a Delaware limited liability company with its headquarters and principal place of business located in Houston, Texas.

2.      Defendant Red Dirt is a Texas corporation with its headquarters and principal place of business located in Granbury, Texas.  Red Dirt may be served with process via its registered agent for service of process, Kate Moore, at 6205 E. Choctaw Court, Granbury, Texas 76049.

**JURISDICTION**

3.      This action arises under the patent laws of the United States, Title 35, United States Code.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338.  In addition, the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

4.      The Court has specific personal jurisdiction over Defendant because this dispute arises from conduct of the Defendant that occurred in Texas.

5.      The Court has general personal jurisdiction over Defendant because it is a resident of the State of Texas, and systematically and continuously conducts business in Texas.

**VENUE**

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(2) and 28 U.S.C. § 1400(b) because Defendant is deemed to reside in this District.

**FACTS**

7.      During the late 1980s, L. Murray Dallas, then an executive of Stinger, conceived a new way to isolate a wellhead during hydraulic fracturing ("fracking") operations.  Rather than using an isolation tool that had to be removed after the fracking operation, Mr. Dallas invented a tool that included a mandrel, which extended into the tubing spool and sealed at a fixed point, thus allowing access to the well bore and permitting the well operator to leave the tool in place between fracking operations.

8.      Stinger filed numerous patent applications related to different embodiments and components of, and variations on, Mr. Dallas's new wellhead isolation tool.  For the purposes of this litigation, two of the patents infringed by Red Dirt's wellhead isolation tools are U.S. Patent No. 6,179,053 ("the '053 Patent") and U.S. Patent No. 6,289,993 ("the '993 Patent").

9.      On January 30, 2001, the '053 Patent, entitled "Lockdown Mechanism for Well Tools Requiring Fixed-Point Packoff," was duly and legally issued by the U.S. Patent and

Trademark Office to Mr. Dallas.  A true and correct copy of the '053 Patent is attached hereto as Exhibit 1.

10.     The '053 Patent is presumed valid pursuant to 35 U.S.C. § 282.

11.     OSES is the current owner by assignment of the '053 Patent.

12.     No other company is licensed to make, use, sell, offer to sell, or import any product or service that is covered by the claims of the '053 Patent.

13.     On September 18, 2001, the '993 Patent, entitled "Blowout Preventer Protector and Setting Tool," was duly and legally issued by the U.S. Patent and Trademark Office to Mr. Dallas.  A true and correct copy of the '993 Patent is attached hereto as Exhibit 2.

14.     The '993 Patent is presumed valid pursuant to 35 U.S.C. § 282.

15.     OSES is the current owner by assignment of the '993 Patent.

16.     No other company is licensed to make, use, sell, offer to sell, or import any product or service that is covered by the claims of the '993 Patent.

17.     In May 2005, Oil States International, Inc. acquired Stinger for $83.1 million.

18.     In December 2011, OSES became the owner of the '053 Patent and '993 Patent when OSES merged with Stinger.

19.     Red Dirt has made and used, and is currently using, full-bore stage frac tools that infringe one or more claims of the '993 and '053 Patents.

## CAUSES OF ACTION

### Count 1:  Patent Infringement—'053 Patent

20.     OSES incorporates by reference and realleges all paragraphs previously alleged herein.

21.     OSES is the owner of the '053 Patent.

22.     Red Dirt's is manufacturing, using, offering to sell, and/or selling, leasing, and/or offering to lease full-bore stage frac tools that infringe one or more claims of the '053 Patent without the authority or license to do so.

23.     Red Dirt has also committed acts of contributory infringement of one or more claims of the '053 Patent.  Red Dirt has sold, offered to sell, and/or leased full-bore stage frac tools that are covered by the claims of the '053 Patent, and which are used in practicing one or more claims of the '053 Patent.  The full-bore stage frac tools are material to practicing the patented invention and patented process covered by the claims of the '053 Patent, and they have no substantial non-infringing uses.  Red Dirt had prior knowledge that the full-bore stage frac tools were especially made or especially adapted for use in an infringement of the '053 Patent. Red Dirt has sold, offered to sell, and/or leased full-bore stage frac tools to well operators who directly infringe the '053 Patent by using the tools in connection with their oil and gas wells.

24.     Additionally, Red Dirt has actively induced and continues to induce others to infringe one or more claims of the '053 Patent.  Red Dirt has sold, offered to sell, and/or leased full-bore stage frac tools to well operators who directly infringe one or more claims of the '053 Patent by using the tools in connection with their oil and gas wells.  Red Dirt's practice of selling, offering to sell, and/or leasing full-bore stage frac tools to well operators demonstrates its intent to induce the operators to directly infringe the claims of the '053 Patent.

25.     Upon information and belief, Red Dirt's infringing activities have been willful and deliberate.  Red Dirt knew that the full-bore stage frac tools infringed the claims of the '053 Patent and deliberately disregarded the known risk that its actions would infringe a valid patent.

26.     As a result of Red Dirt's infringing activities, OSES has suffered actual damages in an amount to be determined at trial.  Additionally, as a result of the willful and deliberate

nature of Red Dirt's infringing activities, OSES is entitled to a trebling of its actual damages and is entitled to recover its attorneys' fees and costs incurred in prosecuting this action.

27.     Red Dirt's acts of infringement have caused irreparable harm to OSES for which there is no adequate remedy at law, and will continue to cause irreparable harm to OSES unless Red Dirt is preliminarily and permanently enjoined by this Court.

### Count 2:  Patent Infringement—'993 Patent

28.     OSES incorporates by reference and realleges all paragraphs previously alleged herein.

29.     OSES is the owner of the '993 Patent.

30.     Red Dirt is manufacturing, using, offering to sell, and/or selling, leasing, and/or offering to lease full-bore stage frac tools that infringe one or more claims of the '993 Patent without the authority or license to do so.

31.     Red Dirt has also committed acts of contributory infringement of one or more claims of the '993 Patent.  Red Dirt has sold, offered to sell, and/or leased full-bore stage frac tools that are covered by the claims of the '993 Patent, and which are used in practicing one or more claims of the '993 Patent.  The full-bore stage frac tools are material to practicing the patented invention and patented process covered by the claims of the '993 Patent, and they have no substantial non-infringing uses.  Red Dirt had prior knowledge that the full-bore stage frac tools were especially made or especially adapted for use in an infringement of the '993 Patent. Red Dirt has sold, offered to sell, and/or leased full-bore stage frac tools to well operators who directly infringe the '993 Patent by using the tools in connection with their oil and gas wells.

32.     Additionally, Red Dirt has actively induced and continues to induce others to infringe one or more claims of the '993 Patent.  Red Dirt has sold, offered to sell, and/or leased full-bore stage frac tools to well operators who directly infringe one or more claims of the '993

Patent by using the tools in connection with their oil and gas wells. Red Dirt's practice of selling, offering to sell, and/or leasing full-bore stage frac tools to well operators demonstrates its intent to induce the operators to directly infringe the claims of the '993 Patent.

33. Upon information and belief, Red Dirt's infringing activities have been willful and deliberate. Red Dirt knew that the full-bore stage frac tools infringed the claims of the '993 Patent and deliberately disregarded the known risk that its actions would infringe a valid patent.

34. As a result of Red Dirt's infringing activities, OSES has suffered actual damages in an amount to be determined at trial. Additionally, as a result of the willful and deliberate nature of Red Dirt's infringing activities, OSES is entitled to a trebling of its actual damages and is entitled to recover its attorneys' fees and costs incurred in prosecuting this action.

35. Red Dirt's acts of infringement have caused irreparable harm to OSES for which there is no adequate remedy at law, and will continue to cause irreparable harm to OSES unless Red Dirt is preliminarily and permanently enjoined by this Court.

## JURY DEMAND

36. Pursuant to Federal Rule of Civil Procedure 38(b), OSES requests a trial by jury on all issues.

## PRAYER

37. For these reasons, OSES asks for a judgment against the Defendant that includes the following relief:

(A) A preliminary and permanent injunction enjoining Red Dirt, its owners, affiliates, officers, directors, managers, agents, servants, employees, trainees, and all persons in active concert or participation with it, from continuing to infringe United States Patent Nos. 6,179,053 and 6,289,993;

(B)     An award of damages adequate to compensate OSES for Red Dirt's infringement of United States Patent Nos. 6,179,053 and 6,289,993;

(C)     A determination that Red Dirt's infringement on United States Patent Nos. 6,179,053 and 6,289,993, has been willful and deliberate;

(D)     A determination that this case is "exceptional" under 35 U.S.C. § 285, thereby entitling OSES to an award of its reasonable attorneys' fees and costs incurred in prosecuting this action;

(E)     An award of treble damages based on the willful and deliberate nature of Red Dirt's infringement;

(F)     An award of pre-judgment and post-judgment interest on all damages computed;

(G)     An award of court costs; and

(H)     Such other relief as this Court deems fair and appropriate.

Dated:  October 10, 2014                              Respectfully submitted,

 /s/ C. Erik Hawes
C. Erik Hawes
State Bar No. 24042543
ehawes@morganlewis.com
Lucas T. Elliot
State Bar No. 06534150
lelliot@morganlewis.com
Homaira Hosseini
State Bar No. 24087753
hhosseini@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
T.  713.890.5000
F.  713.890.5001

*Attorneys for Plaintiff Oil States Energy Services, L.L.C.*